**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TIMOTHY J. ESTES,　　　　　　　　　　　　　Case No. 1:11-cv-496

　　　　Plaintiff,　　　　　　　　　　　　　　　Dlott, J.
v.　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

　　　　Defendant.

**REPORT AND RECOMMENDATION**

On July 25, 2011, Plaintiff tendered a *pro se* complaint in this court seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. Plaintiff's motion to proceed *in forma pauperis* was granted and the complaint was filed. (Doc. 3).  Although the complaint itself names only the Commissioner as Defendant, two additional summonses were issued to two physicians, Drs. William Newman and Aviars Vitols.  Drs. Newman and Aviars appear to have been referenced in supporting documents addressed to the Commissioner "in the care of" the physicians.

Only the Commissioner is a properly named Defendant in an appeal of a social security decision in this Court.  *See generally,* 42 U.S.C. §405(g).  In addition, review of the original compliant reflects that only the Commissioner is clearly named as a Defendant; therefore, the summonses issued to the two physician "Defendants" appear to have been issued in error.  Dr. Newman responded to the complaint on September 12, 2011 stating that he does not maintain individual records; Dr. Vitols filed a formal answer to the complaint in which he avers that Plaintiff's complaint fails to state a claim upon which relief

can be granted against him.  The Answer also seeks dismissal "if it is truly even intended to be asserted against Dr. Aviars Vitols." (Doc. 6).

Upon closer review, the undersigned concludes that the two summonses issued to the individual physicians were issued in error, and that neither physician was or should be a named Defendant to this social security appeal.  Because the two "Defendants" became parties to this lawsuit only due to an administrative error of the Court, both should be dismissed *sua sponte* by the Court.  In the alternative, to the extent that Plaintiff's complaint can in any way be construed as naming either physician as a Defendant, rather than the Commissioner alone, the claims against the individual physicians should be dismissed for failure to state a claim.

Accordingly, **IT IS RECOMMENDED HEREIN** that all claims against individual Defendants, Dr. William Newman and Dr. Aviars Vitols, be **DISMISSED WITH PREJUDICE**.

                                                       s/ Stephanie K. Bowman
                                                      Stephanie K. Bowman
                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY J. ESTES,            Case No. 1:11-cv-496

    Plaintiff,                 Dlott, J.
v.                             Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).